[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Jerome A. Feld appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff CT Page 4401 refused to submit to a chemical test of the alcohol content of his blood after his arrest on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
At the administrative hearing in this case, the hearing officer admitted in evidence, over the objection of the plaintiff, a four page narrative report of the arresting police officer and a separate report by that officer entitled "Alcohol Influence Report." Both of these reports were signed by the police officer, Officer Poisson of the Wethersfield Police Department, but they do not indicate that they were signed under oath or penalty of false statement. The hearing officer also admitted, without objection, the police officer's report on the department of motor vehicles two page A 44 form. Officer Poisson signed that form under oath and also penalty of false statement. In addition, another police officer signed that report as a witness to the alleged refusal of the plaintiff to submit to a chemical test of the alcohol content of his blood.
In the A 44 form, the police officers indicate by completing the appropriate blocks that the plaintiff refused to be tested. In his narrative report, Officer Poisson sets forth a more detailed description of the circumstances of the refusal, alleging that the plaintiff attempted unsuccessfully to call his attorney and then flatly rejected the officer's request that he submit to a breath test. The reports are consistent in that both of them indicate that the plaintiff refused to be tested, but the narrative report, because of the style and detail, is a great deal more compelling.
The plaintiff appeared at the hearing, represented by counsel, and testified. His testimony sharply conflicted with the police officer's statements in his reports. The plaintiff stated that the police never even offered to test him, rather, he claimed that the arresting officer asked him to sign a form and, when he refused, told him that he had just refused to be tested. The plaintiff testified that he did not ever refuse to be tested.
The principal and dispositive issue raised by the plaintiff in his brief on appeal is the admissibility of the police officer's narrative report. In particular, the CT Page 4402 plaintiff argues that the provisions of General Statutes § 14-227b(c) and Regs. Conn. State Agencies § 14-227b-19 limit the kind of police report that may be admitted in administrative proceedings conducted by the motor vehicle department under § 14-227b. He claims that these provisions allow only the printed A-44 form to be introduced in evidence. He then claims that the statements in the A-44 form in this case are insufficient to support the hearing officer's finding that the plaintiff refused to be tested.
The statute and regulation permit the admission of the police report on a form approved by the motor vehicle department. The department has approved the A 44 form. That form provides in the instructions to the reporting officer that the officer may "[a]ttach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are subscribed and sworn to under penalty of false statement." The statute, the regulation and the text of the approved A-44 form itself, therefore, contemplate the attachment and introduction in evidence of the police officer's narrative statement concerning the drunk driving arrest. Although these provisions do not establish irrebuttably that any papers attached to the A 44 form must be admitted because they are "part of (the) Report," they provide sufficient basis for doing so in the absence of evidence that affects the papers' authenticity.
In the present case, there was no evidence that the report in question was not exactly what it purported to be, a narrative explanation of the incident described in the A 44 form. The report's authenticity was established by Officer Poisson's signature at the bottom of each page. Officer Poisson had also checked a block on the A 44 form indicating that "[i]n addition to this completed A-44 form, this report includes supplemental, explanatory material, attached hereto and subject to the oath requirement."
The commissioner and her delegated hearing officers clearly interpret the regulations and statutes as permitting the introduction in evidence of supplemental narrative reports attached to the A-44 form. "Although the construction and interpretation of a statute is a question of law for the courts to decide . . . it is a well established practice of (the) CT Page 4403 court to accord great deference to the construction given (a) statute by the agency charged with its enforcement." Starr v.Commissioner of Environmental Protection, 226 Conn. 358, 372
(1993). "This principle applies with even greater force to an agency's interpretation of its own duly adopted regulations.Griffin Hospital v. Commission on Hospitals and Health Care,200 Conn. 489, 497 (1986). It is undisputed that the motor vehicles department is responsible for enforcing the statutes and regulations in question. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the department. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute or regulation, the court must give due deference to that followed by the administrative agency concerned. Starr v.Commissioner, supra 376.
In the present case, the plaintiff argues that, under applicable law and regulations, the A-44 form is the only police report admissible in a § 14-227b hearing. He also argues, however, that the A-44 form alone does not provide for the reporting of sufficient facts to support a finding that the individual refused to be tested. If the plaintiff's interpretation of the statute and regulation were followed, therefore, the commissioner could never prove a refusal on the basis of police reports alone. Presumably, live testimony of the police officer would be required. Such a result would require a radical departure from the procedure typically followed in license suspension hearings, a procedure that has been implicitly and repeatedly endorsed by our appellate courts. See, for example, Schallenkamp v. DelPonte, 229 Conn. 31
(1994). The plaintiff's interpretation of the statute and regulation in this regard is not plausible.
Finally, with regard to the admission of the officer's narrative statement, the court notes that it is consistent with the general standard of admissibility in administrative proceedings. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil ServiceCommission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28,33 (1987). Both those criteria are satisfied in this case. CT Page 4404
For all of the reasons set forth above, the court rejects the plaintiff's contention that the hearing officer wrongly admitted the narrative report of Officer Poisson. Rather, the court concludes that the admission of that evidence was within the discretion of the hearing officer. It follows that the hearing officer had ample substantial evidence to support his finding that the plaintiff refused to be tested in violation of General Statutes § 14-227b.
The appeal is dismissed.
Maloney, J.